**FILED**

FEB 2 1 2020

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **2:19-cr-00467-ACA-JHE** |
| | ) | |
| ARKEUNTREZ WASHINGTON | ) | |

## PLEA AGREEMENT

The United States and ARKEUNTREZ WASHINGTON

("WASHINGTON" or "the defendant") hereby acknowledge the following plea

agreement in this case:

## PLEA

The defendant agrees to (1) plead guilty to Count One of the Indictment filed

in this case, (2) agrees not to request or advocate for a term of supervised release of

less than three years, and (3) consents to forfeiture of the firearms described in the

forfeiture notice of the Indictment.  In exchange, the United States agrees (1) to

recommend the disposition specified below, subject to the conditions in Sections

III, VIII and IX, and (2) to recommend dismissal of Counts Two through Five at

sentencing in this matter.

Defendant's Initials _AW_ 2-21-20

# TERMS OF THE AGREEMENT

## I.   MAXIMUM PUNISHMENT

Count One
Dealing in Firearms without a License
18 U.S.C. § 922(a)(1)(A)

The defendant understands that the maximum statutory punishment that may be imposed for violating 18 U.S.C. § 922(a)(1)(A) is:

A.  Imprisonment for not more than 5 years;

B.  A fine of not more than $250,000;

C.  Both (a and b);

D.  Supervised release term of not more than 3 years; and

E.  A Special Assessment Fee of $100.

## II.   FACTUAL BASIS FOR PLEA

The defendant stipulates that the following facts are true and may be used to establish a factual basis for defendant's guilty plea and sentence:

A.     In June 2016, the defendant purchased three 12 gauge shotguns from a Federal Firearms Licensee ("FFL").  The defendant purchased one of these shotguns for an individual ("J.D.") in a "straw purchase," where J.D. paid the defendant more than what it cost for the defendant to purchase the firearm.

B.     Between November 2018 and June 2019, the defendant purchased five 9mm pistols at FFLs in Birmingham and Hoover.

C.     In March 2019, the defendant purchased a Taurus 9mm pistol at a Tarrant, Alabama FFL.

Defendant's Initials AW 2-21-20

D.    On May 24, 2019, the defendant purchased an AR-style pistol at a Hoover FFL. An AR-style pistol is a smaller variation of an assault rifle, which is shorter but can fire the same caliber bullets and uses the same magazines, for instance 10, 20, or 30 round magazines.

E.    On June 14, 2019, the defendant purchased an AR-style pistol at a Hoover FFL.

F.    On June 20, 2019, the defendant purchased three AR-style pistols at a FFL in Hoover.

G.    On July 3, 2019, the defendant purchased five firearms at the same Hoover FFL: four AR-style pistols and one .25 caliber pistol.

H.    On July 17, 2019, Agents located additional firearms owned by the defendant (a 5.56 caliber rifle and a 7.62 caliber rifle), at a relative's home.

I.    On July 24, 2019, Agents located three additional firearms belonging to the defendant (an assault rifle, a 9mm pistol, and a .22 caliber Uzi-style pistol) during a search of his residence.

J.    Between 2016 and 2019, the defendant engaged in the business of dealing in firearms when he bought guns and sold them to people in other States and Countries. The defendant advertised guns for sale on Armslist, an online marketplace, for more than he had paid for them. The defendant told law enforcement that he had offered an individual he connected with on Armslist $10 for each person the individual brought to the defendant as a firearms customer.

K.    Purchasers would contact the defendant on a "Go-phone" (commonly used to facilitate illegal activities) after he had posted advertisements for guns. The defendant sold guns to people in other States using fictitious names and no return addresses, and shredded documents related to his activities. Law enforcement later found evidence of the defendant's firearm-sale solicitations in his electronic devices including, for example, a text message from the defendant to another person stating in pertinent part "handguns, rifles, and shotguns are for sale," and screen shots of news articles pertaining to arrests of firearms traffickers.

L.    The defendant devoted regular time, attention and labor to his repetitive purchase and resale of firearms for profit. His purchases and sales were

Defendant's Initials AW 2-21-20

not occasional and were not for the purpose of maintaining or improving a collection of firearms.

M.    The defendant had completed and submitted an application to become an FFL. The application was received by ATF on June 27, 2019, and was in the background check stage at ATF.

N.    The defendant engaged in the business of dealing in firearms, for which he did not have a Federal license, and he knew that his conduct was unlawful.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court may use these facts in calculating the defendant's sentence.  The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant may have committed.**

_Arkeuntrez Washington_
**ARKEUNTREZ WASHINGTON**

## III.    AGREEMENT REGARDING CERTAIN SENTENCING GUIDELINE CALCULATIONS AND ENHANCEMENTS

The United States and the defendant agree that, in addition to any other applicable guideline calculations, the following guideline calculations and enhancements apply in this case:

A.    The Sentencing Guideline applicable to the offense of dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A) is U.S.S.G. § 2K2.1(a)(7), which provides a base offense level of 12.

Defendant's Initials  AW  2-21-20

B.    Because the offense involved at least sixteen firearms (the defendant's multiple purchases described in paragraphs A, B, F, and G in the factual basis), the offense level is increased by 4 levels pursuant to §2K2.1(b)(1)(B).

C.    Because the defendant possessed or transferred firearms with knowledge, intent, or reason to believe that they would be transported out of the United States, the offense level is increased by 4 levels pursuant to 2K2.1(b)(6)(A).

D.    If, in the opinion of the United States Attorney's Office, the defendant accepts responsibility and the U.S. probation office recommends a two-level reduction for "acceptance of responsibility," as provided in U.S.S.G. § 3El.l(a), the United States will concur in the recommendation.

E.    If the above two-level reduction is applied, and if the defendant timely complies with all the requirements of this agreement, the United States will recommend an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b), if applicable.

## IV.  **RECOMMENDED SENTENCE**

Subject to the limitations in paragraph IX regarding subsequent conduct and pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States, will recommend the following disposition:

A.    That the defendant be imprisoned for a term within the guideline range as determined by the Court at sentencing.

Defendant's Initials _ACW 2-21-20_

B.    That following completion of the said term of imprisonment, the defendant be placed on supervised release for a period of three years, subject to the standard conditions of supervised release as set forth in U.S.S.G. § 5D1.3.

C.    That the defendant be required to pay a fine in accordance with the Sentencing Guidelines, as determined by the Court, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release.

D.    That the defendant pay a special assessment fee of $100, said amount due and owing as of the date sentence is pronounced.

## V.    WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF AND WAIVER OF RIGHT TO FURTHER DISCOVERY

In consideration of the recommended disposition of this case, I, ARKEUNTREZ WASHINGTON hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders that the Court might impose.  Further, I waive and give up the right to challenge my conviction and/or sentence; any fines, restitution, forfeiture orders imposed; and the manner in which my conviction, sentence,  and any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, subject to the following limitations:

The defendant reserves the right to contest in an appeal or post-

Defendant's Initials AW 2-21-20

conviction proceeding the following:

A.    Any sentence imposed in excess of the applicable statutory maximum sentence(s).

B.    Any sentence imposed in excess of the guideline sentencing range determined by the Court at the time sentence is imposed.

C.    Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the United States retains its right to appeal where authorized by statute.

I, ARKEUNTREZ WASHINGTON hereby acknowledge that I accepted this Plea Agreement and decided to plead guilty because I am in fact guilty. I acknowledge that I have received sufficient discovery to knowingly and intelligently make that decision, and expressly waive any right to receive additional material.

**I, ARKEUNTREZ WASHINGTON , hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.**

_Arkeuntrez Washington_

**ARKEUNTREZ WASHINGTON**

## VI.   UNITED STATES SENTENCING GUIDELINES

Defendant's counsel has explained to the defendant that in light of the United States Supreme Court's decision in United States v. Booker, the federal sentencing guidelines are advisory in nature.  Sentencing is in the Court's discretion and is no longer required to be within the guideline range.  The defendant agrees that the Court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VII.   AGREEMENT IS NOT BINDING ON THE COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the United States is **NOT BINDING UPON THE COURT**, and that the Court is not required to accept the recommendation of the United States. Further, the defendant understands that if the Court does not accept the recommendation of the United States, the defendant does not have the right to

Defendant's Initials _AW 2-21-20_

withdraw the guilty plea.

## VIII.  <u>VOIDING OF AGREEMENT</u>

The defendant understands that should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, or seek or advocate for a sentence of less than 10 years' imprisonment, this agreement will become **NULL** and **VOID**. In that event, the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

## IX.  <u>SUBSEQUENT CONDUCT</u>

The defendant understands that should the defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligations to make the recommendations set forth in this Agreement, but instead, may make any recommendation deemed appropriate by the United States Attorney in his sole discretion.

## X.  <u>OTHER DISTRICTS AND JURISDICTIONS</u>

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or

Defendant's Initials ____ AW 2-21-20

local authority.

## XI. <u>COLLECTION OF FINANCIAL OBLIGATION</u>

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant also will promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs. The defendant also agrees that the defendant's financial statement and disclosures will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## XII. <u>AGREEMENT REGARDING RELEVANT CONDUCT</u>

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charge and relevant conduct for any other acts. The defendant understands and agrees that the conduct contained in the factual basis may be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. This agreement does not, however, prohibit the United States Probation Office or the Court from considering any other acts or

Defendant's Initials _AW 2-21-20_

factors that may constitute or relate to relevant conduct.

## XIII. AGREEMENT REGARDING RESTITUTION, FINE, TAX, AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to, or in any way limit, any pending or prospective proceedings related to defendant's tax liabilities, if any, or to any other pending or prospective forfeiture or other civil or administrative proceedings not otherwise addressed herein.

## XIV. AGREEMENT IF DEFENDANT ATTEMPTS TO WITHDRAW THE PLEA OF GUILTY

The defendant is aware that the law provides certain limited rights to withdraw a plea of guilty, has discussed these rights with defense counsel, and knowingly and expressly waives any right to withdraw the plea once the Court has accepted it.

The defendant acknowledges that Fed. R. Crim. P. 11(f) and Federal Rules of Evidence 408 and 410 are rules that ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions. The defendant knowingly and voluntarily waives these rights and agrees that any statements made in the course of the defendant's guilty plea or this plea agreement (in part or in its entirety, at the sole discretion of the United States) will be admissible against the defendant for any purpose in any criminal or civil proceeding if the defendant fails

Defendant's Initials _AW 2-21-20_

to enter, or attempts to withdraw, the defendant's guilty plea, or in any post-conviction proceeding challenges the voluntary nature of the guilty plea (other than in accordance with paragraph V.

## XV.        DEFENDANT'S UNDERSTANDING

I have read and understand the provisions of this agreement consisting of 13 pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE UNITED STATES, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:

_____

I understand that this Plea Agreement will take effect and will be binding as to the Parties after all necessary signatures have been affixed hereto.

Defendant's Initials AW 2-21-20

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Agreement, both individually and as a total binding agreement.

2-21-20
DATE

*Arkeuntrez Washington*
ARKEUNTREZ WASHINGTON

## XVII.    COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised her of all of her rights and all possible defenses. My client has conveyed to me that she understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea on the terms and conditions set forth herein.

2-21-20
Date

EMORY ANTHONY
Defense Counsel

## XVIII.    UNITED STATES'S ACKNOWLEDGMENT

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

2/21/2020
Date

HENRY CORNELIUS
Assistant United States Attorney

Defendant's Initials  AW 2-21-20